UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

FRANCESCO LOPEZ AVINA,

            Petitioner,

    v.

CURRENT OR ACTING FIELD OFFICE
DIRECTOR, SAN FRANCISCO FIELD
OFFICE, UNITED STATES
IMMIGRATION AND CUSTOMS
ENFORCEMENT, ET AL.,

            Respondents.

No. 1:26-cv-00204 WBS SCR

MEMORANDUM AND ORDER

----oo0oo----

Petitioner, a native and citizen of Mexico who is being detained in this district by ICE, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Docket No. 1.) The matter was referred to a United States Magistrate Judge pursuant to the local rules of this court.  On April 28, 2026, the assigned Magistrate Judge filed findings and recommendations

1

recommending that the petition be granted.  (See Docket No. 20.) On May 5, 2026, respondents filed objections to the findings and recommendations.  (Docket No. 21.)

The court adopts the Magistrate Judge's factual findings.  But, for the following reasons, the court disagrees with the Magistrate Judge's recommendations and accordingly declines to adopt them.

The Magistrate Judge determined that is unnecessary to resolve the question of which statute -- 8 U.S.C. § 1225(b), or 8 U.S.C. § 1226(a) -- governs petitioner's detention because "petitioner retains due process rights regardless" of which statute applies.  (Docket No. 20 at 3.)  The Magistrate Judge then proceeded to analyze the constitutionality of petitioner's detention pursuant to the test established in Mathews v. Eldridge, 424 U.S. 319 (1976).  (See id. at 4.)  As the Magistrate Judge acknowledged, the Ninth Circuit has "assumed," but not "decid[ed]," that the Mathews test applies to petitioner's circumstances.  (See id. (citing Rodriguez Diaz v. Garland, 53 F. 4th 1189, 1206-07 (9th Cir. 2022).)[1]

For the reasons set forth in its order denying petitioner's motion for temporary restraining order, the court once again concludes that petitioner's detention is governed by 8

---

[1]    Any reliance on Rodriguez Diaz for the proposition that the Mathews test applies regardless of whether petitioner's detention is governed by 8 U.S.C. § 1225(b) or 8 U.S.C. § 1226(a) is flawed.  The petitioner in Rodriguez Diaz was unambiguously detained pursuant to 8 U.S.C. § 1226(a) for committing an offense enumerated therein, see 53 F. 4th at 1194, and the Ninth Circuit accordingly limited its analysis to that provision, see id. at 1202.

U.S.C. § 1225.  (See Docket No. 18 at 6-11.)  That being the case, the court concludes that "the procedure authorized by Congress" in that statute constitutes procedural "due process" as far as petitioner is concerned.  Shaughnessy v. United States ex rel. Mezei, 345 U.S. 206, 212 (1953); see also Angov v. Lynch, 788 F.3d 893, 898 (9th Cir. 2015) (for noncitizen who "never technically 'entered' the United States," "procedural due process is simply whatever the procedure authorized by Congress happens to be." (citation modified)); Grigoryan v. Barr, 959 F.3d 1233, 1241 (9th Cir. 2020) (same).  For that reason, this court concludes that the Mathews test is inapplicable to cases governed by § 1225.

The procedure laid out in 8 U.S.C. § 1225(b)(2) is clear: it provides that, if an "examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under [8 U.S.C. §] 1229."  (emphasis added).  Petitioner, who entered the United States unlawfully in 2000 and was encountered by immigration officials on March 3, 2025, falls squarely within 8 U.S.C. § 1225(b)(2)'s mandatory detention provision. (See Docket No. 1 at 5-6.)  Critically, this provision is silent as to bond hearings.  Cf. Rodriguez v. Robbins, 715 F.3d 1127, 1143 (9th Cir. 2013) (declining to "read a bond hearing requirement into" 8 U.S.C. § 1225(b)).

IT IS THEREFORE ORDERED that petitioner's petition for habeas corpus (Docket No. 1) be, and the same hereby is, DENIED.

The Clerk of the Court is directed to terminate any

3

pending motions and close the case.

Dated:   May 15, 2026

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE